Shauck, J.
On behalf of the plaintiff m error it is claimed that the right to appeal the cause to the circuit court from the judgment of the court of common pleas for a trial de novo is conferred by Section 5226, Revised Statutes, which, it is admitted, confers the right only in cases which were within the original .jurisdiction of the court of common pleas. The view presented on behalf of the plaintiff in error is that, although the cause in fact was taken into the court of. common pleas by appeal from the judgment of the justice of the peace, it was there tried and determined by consent of the plaintiff upon an issue which could not have been determined by the justice of the peace, because mistake is not cognizable at law, and the justice is without jurisdiction to award equitable relief. In that view of the case it would have been the right of Winters, when sued before a justice of the peace in an action .to which he had an equitable defense not available there, to institute a suit in the court of common pleas,for the reformation of the instrument, and to obtain an order of that court staying the prosecution of the suit before the justice, because of the inadequacy of his jurisdiction to the final determination of the rights of the parties. The granting of such relief would have been within the duty of the court of common pleas to exercise its equitable jurisdiction in all cases where legal remedies are inadequate to the protection of rights of a juridical character. Sloane v. Clauss, 64 Ohio St., 125. Winters did not choose *261 that course. ITe elected to permit judgment to be taken against him before the justice and to resort to the court of common pleas by an appeal from that judgment and to malee his defense there under favor of Section 5067, Revised Statutes, which provides: “The defendant may set forth in his answer as many grounds of defense, counter-claim and set-off as he may have, whether they are such as have been heretofore denominated legal or equitable, or both.” It is urged that a convincing analogy is presented in Wood v. O’Ferrall & Gabrielle, 19 Ohio St., 427. It was there decided that a judgment by default havipg been rendered against a defendant by a justice of the peace for a sum within his jurisdiction, and the defendant having appealed the cause to the court of common pleas, and having by his answer in that court expressly admitted the validity of the claim counted upon by the plaintiff and pleaded thereto a counter-claim on which he prayed judgment for an amount in excess of the jurisdiction of the justice, and the case having been by the court of common pleas tried upon the counter-claim, there attached to the judgment of the court of common pleas all the incidents of a judgment rendered by it in the exercise of its original jurisdiction, including the right to a second trial which our practice act then authorized. The suggested analogy will not survive a consideration of the essential differences between the cases. In the case cited the issues tendered before the justice of the peace wholly disappeared in the court of common pleas in consequence of the express admission of the *262 defendant. By his allegations and the consent of the plaintiff, issues were joined and tried respecting an entirely independent and larger demand which the defendant asserted against the plaintiff, the ultimate question being, whether the defendant was entitled to recover against the plaintiff a judgment for the excess of the demand asserted over that admitted. In the case considered the inquiry has never exceeded the validity of the claim upon which the plaintiff brought suit before the justice of the peace, and which he set up in his petition in the court of common pleas. That claim was not admitted by the defendant. On the contrary his pleading was devoted wholly to alleging reasons why the plaintiff should not recover upon it. In no aspect of the case could there have been any judgment in the court of common pleas except for the plaintiff for the amount of the claim alleged in his petition or against him dismissing his petition.
We find no error in the conclusion of the circuit court that the case was not within the original jurisdiction of the court of common pleas, and therefore, not the subject of an appeal to the circuit court.

Judgment affirmed. "

Crew, C. J., Summers, Davis and Price, JJ., concur.